IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

TYRONE WALKER, Register No. 159440, )
                                                                            )
                    Plaintiff, )
                                                                            )
                          v. )   No. 06-4090-CV-C-NKL
                                                                            )
STEWART EPPS, Superintendent, Fulton )
Correctional Center, et al., )
                                                                            )
                    Defendants. )

**REPORT AND RECOMMENDATION**

      Plaintiff Tyrone Walker, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

      On July 7, 2006, sole identified defendant Stewart Epps filed a motion to dismiss, citing plaintiff's failure to exhaust administrative remedies and failure to state a claim. Plaintiff has filed a response and defendant a reply.

      "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). When applying this standard, the court accepts as true the factual allegations in the complaint and views them in the light most favorable to the plaintiff. Hishon v. King and Spalding, 467 U.S. 69, 73 (1984); Kohl v. Casson, 5 F.3d 1141, 1148 (8th Cir. 1993).

*Failure to State a Claim*

      In viewing plaintiff's factual allegations in the light most favorable to plaintiff, the court finds that plaintiff's claims against defendant Fulton Reception and Diagnostic Center (FRDC) Superintendent, Stewart Epps, are based on Epps' role as supervisor.

      A supervisor cannot be held liable under section 1983 for an employee's unconstitutional actions. Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995); Choate v. Lockhart, 7 F.3d 1370, 1376

(8th Cir. 1993); Givens v. Jones, 900 F.2d 1229, 1233 (8th Cir. 1990). Instead, a supervisor can be held liable only for personal involvement in a constitutional violation, or when his or her corrective inaction amounts to deliberate indifference or tacit authorization of the violation. Boyd, 47 F.3d at 968; Fruit v. Norris, 905 F.2d 1147, 1151 (8th Cir. 1990).

Plaintiff's claims against defendant Epps fail to allege any involvement by Epps in the alleged unconstitutional delay in plaintiff receiving medical treatment. Allegations that Epps, in his position as superintendent, approved plaintiff's transfer out of FRDC to receive necessary medical care, fail to allege Epps was involved in plaintiff's alleged 72-hour delay in being provided proper medical care. There are no allegations that defendant Epps was aware that plaintiff was seeking medical treatment which was being denied. Plaintiff has failed to state a claim against defendant Epps on which relief may be granted under 42 U.S.C. § 1983, and plaintiff's claims against defendant Epps should be dismissed.

*Exhaustion of Administrative Remedies*

Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Exhaustion of all administrative remedies as set forth by the Missouri Department of Corrections Offender Grievance Procedures must be completed prior to a prisoner filing suit. See Johnson v. Jones, 340 F.3d 624, 628 (8th Cir. 2003) (dismissal is required under section 1997e(a) if an inmate has failed to exhaust all available administrative remedies *prior* to filing suit). When multiple prison conditions claims have been joined, the plain language of section 1997e(a) requires that all available prison grievance remedies must be exhausted as to all claims on which a prisoner is seeking relief. Graves v. Norris, 218 F.3d 884, 885 (8th Cir. 2000) (per curiam). Exhaustion of all administrative remedies means that a prisoner must use all steps that the Department of Corrections requires and must follow such steps properly. Woodford v. Ngo, ___ U.S. ___, 126 S. Ct. 2378 (2006) (section 1997e(a) requires proper exhaustion of administrative remedies). A prisoner must complete the administrative review process in accordance with applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court. Id.

2

In the instant case, plaintiff concedes he has not exhausted his administrative remedies, but states he was unable to exhaust his claims because his grievance was improperly denied as untimely, and he was not allowed to continue with the grievance process.

Upon review of grievance information submitted to the court by defendant, and argument of plaintiff, it is unclear whether plaintiff timely filed his grievance regarding his claims. Nonetheless, this court need not decide this issue. Plaintiff's claims against defendant Epps fail to state a claim on which relief may be granted and should be dismissed on that basis.

To the extent plaintiff has remaining claims against unidentified defendants, such claims should be dismissed, without prejudice.

IT IS, THEREFORE, RECOMMENDED that defendant Epps' motion to dismiss be granted and plaintiff's claims against him dismissed, with prejudice, for failure to state a claim on which relief may be granted under 42 U.S.C. § 1983 [14]. It is further

RECOMMENDED that any remaining claims against unidentified defendants be dismissed, without prejudice.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 9th day of November, 2006, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

3